IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | ) | |
|---|---|---|
| **EUGENE A. McKAMEY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 3:07CV391 |
| | ) | |
| **HENRICO COUNTY** | ) | |
| **PUBLIC SCHOOLS,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

This matter is before the Court on Defendant Henrico County Public Schools' ("Defendant") motion for summary judgment (docket entry no. 18). Oral arguments on the motion were held on January 24, 2008. The motion is ripe for resolution. For the reasons set forth herein, the motion is GRANTED.

### I. Factual Background

Eugene A. McKamey ("Plaintiff"), an African-American male, was hired by Defendant as a "Facilities Engineer," and began work for Defendant on May 2, 2005. (McKamey Dep. at 21, 45.) The advertisement for the position did not require applicants to have a Professional Engineer's license, but stated the license was "preferred." (Pl.'s Mem. In Opp'n to Mot. for Summ. J., Ex. 2.) During Plaintiff's interview process, Plaintiff was asked whether or not he possessed a Professional Engineer's license, and Plaintiff informed those interviewing him that he possessed such licensure in the state of Georgia. (McKamey Dep. at 41.) Based on this

representation, and Plaintiff's statement that he would not have a problem obtaining a license in Virginia, Plaintiff was hired. (Salinsky Aff. at 2; Jones Aff. at 2-3.)

Disputes began to arise immediately following the beginning of Plaintiff's employment with Defendant. There were chain of command issues and apparent confusion as to exactly what Plaintiff's duties included. (McKamey Dep. at 21-22.) Conflicts and disagreements between Plaintiff and his co-workers continued, as well as disagreements between Plaintiff and his supervisors.

Running concurrently with these conflicts between Plaintiff and his co-workers/supervisors was the unresolved issue of Plaintiff's licensure. Several attempts were made by Defendant to get Plaintiff to produce some kind of proof that he was currently or was at some time licensed in Georgia. (Salinsky Aff. at 2-3.) Plaintiff refused to comply with these requests. (Id. at 3.) On July 20, 2005, Plaintiff was instructed to provide evidence of his licensure by the State of Georgia by October 24, 2005. (Salinsky Aff., Ex. A.) Plaintiff failed to do so, and as a result, was ultimately terminated on November 8, 2005. (Salinsky Aff. at 3; Jones Aff. at 3.)

Following termination, Plaintiff filed for unemployment insurance in November 2005. He initially filed with the Maryland Unemployment Insurance Division ("MUI"). (Pl.'s EEOC Compl. at 5.) During a fact-finding determination, the MUI found that Plaintiff's actions leading to his termination did not warrant a disqualification for insurance benefits. (McKamey Dep., Ex. 5 at 8.) Plaintiff also filed for insurance benefits with the Virginia Employment Commission ("VEC") in February 2006. The VEC's fact-finding investigation led it to the conclusion that

since Plaintiff was terminated for "misconduct," such was a legitimate basis on which to deny insurance benefits. (McKamey Dep., Ex. 5 at 17.)

Plaintiff also filed an EEOC complaint in July 2006, claiming that his termination was based on racial and sexual discrimination. (McKamey Dep., Ex. 3.)

## II. Procedural History

On July 3, 2007, Plaintiff filed a five-count Amended Complaint (the "Complaint") against Defendant. Plaintiff alleges that Defendant and its agents slandered him, retaliated against him, and discriminated against him on the basis of race and sex. (Am. Compl. at 2-3.) On December 21, 2007, Defendant filed a motion for summary judgment. Plaintiff submitted responses to the motion for summary judgment on January 3, 2008 and January 15, 2008. Defendant replied on January 22, 2008.

Plaintiff seeks actual damages in the amount of $275,000.00, and punitive damages in the amount of $28,000,000.00. (Am. Compl. at 3.) Defendant contends that punitive damages are not appropriate due to Defendant's history of good faith efforts to comply with Title VII. (Def.'s Mem. in Supp. of Mot. for Summ. J. "Def.'s Mem." at 12-13.)

## III. Standard of Review

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering whether to grant a motion for summary judgment, the court must assess the evidence offered by both parties and "determine whether there is a genuine issue for trial" after viewing the evidence in the light most

favorable to the non-moving party and resolving all factual disputes in that party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Rossignol v. Voorhaar, 316 F.3d 516, 523 (4th Cir. 2003) (citation omitted).  Nonetheless, this Court is not to make credibility determinations, as that task is for the fact finder.  Anderson, 477 U.S. at 255.

To defeat a summary judgment motion, the non-moving party may not rest upon mere allegations or denials, but must "set forth specific facts showing that there is a genuine issue for trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (citing former Fed. R. Civ. P. 56(e)). In essence, the Court must decide if the evidence, when viewed in the light most favorable to the non-moving party, "presents a sufficient disagreement to require submission to the [factfinder] or whether it is so one-sided that one party must prevail as a matter of law."  Anderson, 477 U.S. at 251-52.

### IV.  Virginia Law Applies to Plaintiff's Pendent State Claims

When a pendent state law claim is presented to a federal court in conjunction with a federal question claim, a federal court has supplemental jurisdiction to hear the pendent state law claim if it "form[s] part of the same case or controversy" as the federal claim.  See 28 U.S.C. § 1367(a).  Here, Plaintiff's state claims plainly arise from the same "case or controversy" as his federal employment discrimination claims.  When deciding state law claims under supplemental jurisdiction, federal courts apply the choice-of-law rules of the jurisdiction in which they sit. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97 (1941).  This Court sits in Virginia, and since Virginia applies the doctrine of *lex loci delicti* to tort claims, "the law of the place of the wrong governs all matters related to the basis of the right of action."  Dreher v. Budget Rent-

A-Car Sys., Inc., 634 S.E.2d 324, 327 (Va. 2006) (citations omitted). Hence, Virginia law will govern the resolution of Plaintiff's state law claims.

### V. Analysis of Plaintiff's Claims

**1. Slander Claims That Are Barred by the Applicable Statute of Limitations**

Count One of the Amended Complaint alleges that Defendant slandered Plaintiff on July 19, 2005. (Am. Compl. at 2.) The apparent source of this slander was a "Letter of Concern" sent by Roy Salinsky (Defendant's employee) to Plaintiff. (Salinsky Aff., Ex. A.) As Plaintiff's supervisor, Mr. Salinsky identified several concerns that had been voiced about Plaintiff's actions during his employment. (Id.) The letter was meant as a notice to Plaintiff.

Count Four of the Amended Complaint alleges slander based on Defendant's representations to the Virginia Employment Commission, on February 26, 2006, that Plaintiff was fired for employee misconduct. (Am. Compl. at 2.) Plaintiff also alleges that other slander occurred over the six months of his tenure with the Defendant. (McKamey Dep. at 64.)

Count Five of the Amended Complaint alleges that Defendant and its agents "willfully, maliciously and intentionally slandered the social and professional reputation of the plaintiff with allegations of employment misconduct, sexual harassment." (Am. Compl. at 3.) McKamey has confirmed that Count 5 encompasses the same events of slander as the other counts. (McKamey Dep. at 67-68.)

**Analysis**:

Va. Code Ann. § 8.01-247.1 provides that: "[e]very action for injury resulting from libel, slander, insulting words or defamation shall be brought within one year after the cause of action accrues." Plaintiff's slander claims stem from incidents that occurred on July 19, 2005, and

February 26, 2006. Plaintiff did not file his original complaint until June 29, 2007, over a year after the causes of action accrued. Accordingly, the Defendant argues that Plaintiff's claims of slander are barred by the statute of limitations and must be dismissed. Plaintiff responds that he filed a federal complaint with the EEOC in February 2006, in which he complained of the slander, and thus the statute of limitations should be tolled during the time that his EEOC complaint was pending. (Pl.'s Resp. to Mot. for Summ. J. "Pl.'s Resp." at 1-2.) This argument fails for several reasons.

A plaintiff claiming employment discrimination is required to first file an administrative complaint with the EEOC or designated state agency, prior to filing the claim in federal court. See Davis v. N.C. Dep't of Corr., 48 F.3d 134, 137-38 (4th Cir. 1995.) If a claim requires that the plaintiff first file with the EEOC, public policy mandates that the statute of limitations for that claim be tolled until the EEOC issues a decision. See, e.g., Nealon v. Stone, 958 F.2d 584, 593 (4th Cir. 1992). However, Plaintiff did not assert claims of slander anywhere in his complaint to the EEOC (other than stating the facts that he later alleges in his complaint gave rise to claims of slander). Furthermore, there is no pre-requisite in filing a slander claim that it must first be presented to the EEOC. In fact, such a claim cannot be brought before the EEOC, as that administrative agency deals solely with claims that arise under Title VII of the Civil Rights Act, the Equal Pay Act of 1963, the Age Discrimination in Employment Act, the Rehabilitation Act, Titles I and V of the Americans with Disabilities Act, and the Civil Rights Act of 1991. Laws Enforced by the EEOC, http://www.eeoc.gov/policy/laws.html. Slander is a state-law tort claim and is not a claim that can be addressed by the EEOC. Therefore, the

pending EEOC claim could not toll the statute of limitations for Plaintiff's slander claims. Accordingly, these claims are barred by the relevant statute of limitations and will be dismissed.

### 2. Slander Claims Arising from the VEC Hearing

Count Four alleges slander as a result of Defendant's notification to the VEC that Plaintiff was terminated for misconduct. (Am. Compl. at 2.) This claim of slander also fails. Va. Code Ann. § 60.2-623(B) states, in pertinent part, that: "[i]nformation furnished the [VEC] under the provisions of this chapter shall not be . . . used in any judicial or administrative proceeding other than one arising out of the provisions of this title." In this same regard, in Moore v. PYA Monarch, LLC, 238 F. Supp. 2d 724, 729 (E.D. Va. 2002), Judge Morgan of the Norfolk division of this Court concluded that the plaintiff was prohibited from using two reports submitted to the VEC relating to the reasons for his termination in support of his claim for defamation. As a result, the Court held that "[w]ithout the use of the VEC reports . . . Plaintiff fail[ed] to establish the necessary elements of the tort of defamation, namely publication of an actionable statement." Id. Here, Plaintiff is also unable to establish the necessary element of publication without the use of the VEC reports that are rendered inadmissible by controlling state statute.

Plaintiff contends that his slander claim arising from the VEC hearing constitutes "one arising out of the provisions of" Va. Code Ann. § 60.2-623(B). (Pl.'s Resp. at 2.) In fact, Plaintiff's claim of slander in the VEC proceeding does not arise from the provisions of the Virginia Unemployment Compensation Act. Accordingly, Plaintiff's remaining slander claim will be dismissed.

### 3. Retaliation Claims

Count Two alleges that on October 19, 2005, Defendant's Director of Human Resources "refused to acknowledge or assist in the reporting of a discrimination grievance, and denied a formal request and the formal request retaliated against the plaintiff in discharge of the plaintiff in retaliation for filing a EEOC discrimination complaint . . . ." (Am. Compl. at 2.) In essence, Plaintiff alleges retaliatory conduct by Defendant as a result of Plaintiff's filing the EEOC complaint. Count Three alleges that on November 8, 2005, Defendant again "retaliated against the plaintiff in discharge of the plaintiff in retaliation for filing a EEOC discrimination complaint . . . ." (Am. Compl. at 2.)

To sustain a claim of retaliation, a plaintiff must initially establish a *prima facie* showing that he was engaged in a protected activity and suffered an adverse employment action for which there is a causal connection sufficient to conclude that the adverse action *resulted from the protected activity*. Hopkins v. Baltimore Gas & Elec. Co., 77 F.3d 745, 754 (4th Cir. 1996). Plaintiff did not file a complaint with the EEOC until July 17, 2006. (McKamey Dep., Ex. 3.) Plaintiff cannot prove that any adverse action *resulted from* his filing a complaint with the EEOC, because his complaint was filed *after* the allegedly retaliatory conduct. Accordingly, Plaintiff's retaliation claims must also be dismissed.

### 4. Race/Sex Discrimination in Employment

To establish a *prima facie* case for his race/sex discrimination claims, Plaintiff must allege that: (1) he is a member of a protected class; (2) he suffered an adverse employment action; (3) he was performing at a level that met the employer's expectations at the time the adverse action took place; and (4) the adverse employment action occurred under circumstances

that give rise to an inference of unlawful discrimination.  McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

Plaintiff is African-American and has therefore established that he is a member of a protected class.  Plaintiff, however, fails to allege any facts that demonstrate his termination was based on race and/or sex, rather than on Plaintiff's own failure to provide proof of his licensure.  Plaintiff offers only a conclusory allegation that the Construction & Maintenance Department had a "history of racial attitudes."  (EEOC Compl. at 4.)  Plaintiff's only other "evidence" of race discrimination is the alleged manner by which black males have historically been treated.  (McKamey Dep. at 13-14.)  As Defendant emphasizes in its motion for summary judgment, "a plaintiff's own assertions of discrimination in and of themselves are insufficient to counter substantial evidence of legitimate nondiscriminatory reasons for an adverse employment action." (Def.'s Mem. 10-11); Hawkins v. PepsiCo, Inc., 203 F.3d 274, 281 (4th Cir. 2000).  Accordingly, where Plaintiff has not provided factual support for his race and sex discrimination claims, they will be dismissed.

### VI.  Plaintiff's Motion for an Order of Continuance for Discovery

Plaintiff has also filed a motion seeking a continuance (docket entry no. 24) to secure copies of depositions, and records of unemployment proceedings in Maryland in support of his position.  In this regard, the Defendant has noted in its memorandum in opposition to the motion for continuance that:

> With respect to the request for additional time to obtain copies of depositions, the Court has already ruled on [Plaintiff's] refusal to proceed with depositions on November 9, 2007, when he disagreed with the school division's selection of its party representatives.  In addition, [Plaintiff]'s supporting correspondence indicates that he took two depositions on December 7, 2007, but waited until December 27, 2007, to order the transcripts.  Because the school division advised

> the Court in the initial pre-hearing conference on September 10, 2007, that it intended to file for summary judgment, [Plaintiff] had ample notice of the need for expeditious discovery. As for additional time to obtain Maryland unemployment compensation records, no continuance is necessary because [Plaintiff]'s slander claims are barred as a matter of law . . . ."

(Def.'s Mem. in Opp'n to Mot. for Continuance at 1-2.) Where Plaintiff's slander claims are barred as a matter of law, and where Plaintiff has had sufficient opportunity to gather and present all relevant evidence in support of his claims, Plaintiff's motion for a continuance must be denied as untimely and otherwise of marginal likelihood of resulting in the disclosure of non-cumulative and relevant evidence.

## VII. Conclusion

For the reasons discussed herein, Defendant's motion for summary judgment will be granted.

An appropriate Order shall issue.

/s/

Dennis W. Dohnal
United States Magistrate Judge

Richmond, Virginia
Date: 1/30/08